IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES GERMALIC**,

    Petitioner,

v.                                                                                                  No. 12cv1092 MV/ACT

**SECRETARY OF STATE OF NEW MEXICO,
DIANNA DURAN,**

    Respondent.

### MEMORANDUM OPINION AND ORDER
### DISMISSING PETITION

**THIS MATTER** comes before the Court on pro se Plaintiff James Germalic's "request for [*in forma pauperis* ("IFP")] status," filed October 22, 2012, *see* Doc. 3; and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Germalic seeks injunctive relief under 42 U.S.C. § 1983 to force New Mexico's Secretary of State to "stop the printing of the ballots" for the November 6, 2012 general election and to place his name on the ballot as a Presidential candidate because he believes that New Mexico requires too many signatures for an independent candidate for President to be included on the ballot, and because he believes that requiring an independent Presidential candidate to name his running-mate for Vice President before the major parties are required to do so violates the Equal Protection Clause. Petition at 1-2.

The Court must dismiss the action "at any time if the court determines that" the petitioner is, in fact, able to pay the filing fees and his "allegation of poverty is untrue," § 1915(e)(2)(A), or if the complaint is frivolous, or "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). *See Trujillo*

*v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory). Because Germalic admits that he can pay the filing fees, the Court will deny the request to proceed IFP. The Court will also dismiss the case for lack of subject-matter jurisdiction.

## I. GERMALIC IS NOT INDIGENT AND CAN PAY THE FILING FEE.

Germalic, an Ohio resident, is no stranger to federal litigation, having filed nine previous cases in the federal courts, all challenging various voting requirements in various states[1]. He paid the filing fees for several cases filed in 2008[2] and 2010, but after those cases were dismissed, in 2012 he began attempting to file suits without prepaying his filing fees. Several courts have sent to Germalic the proper financial forms and affidavits to proceed IFP under 28 U.S.C. § 1915, but he has never filed the forms. *See*, *e.g.*, *Germalic v. Ysursa*, No. 12cv0504 LMB Doc. 2 (D. Idaho Oct. 2, 2012) (conditionally filing Germalic's petition but informing him that he must file a financial statement and affidavit); *Germalic v. Grimes*, No. 12cv0061 GFVT Doc. 2 (E. D. Ky. Sept. 28, 2012) (order requiring Germalic to complete and file the required federal IFP forms sent by the Clerk's office, and to submit an amended complaint describing "the facts of his case, identifying the people, dates, places, and actions which are relevant to this claims, explain the legal basis for the relief he seeks, and state specifically what he wants the Court to do" within 21 days).

---

[1] The Court takes judicial notice of similar suits that Germalic has filed in other federal district courts (some of which Germalic has attached to his petition in this case). *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

[2] Germalic admitted in guardian proceedings involving his elderly aunt that he used his aunt's "money, which he claimed was their joint money, to travel the country to espouse his political and religious beliefs to others." *In re Kupchik*, No. 84493 (Ohio Jan. 6, 2005).

Germalic's unsigned, rambling request in this case states that he "is giving every state a chance to put [him] on the [presidential] ballot" and that he "could pay the fee for one federal court." Doc. 2 at 1. These statements do not satisfy the requirement that Germalic demonstrate, in a sworn affidavit made under penalty of perjury and setting out his income and expenses for the necessities of life, that he is so impoverished that taxpayers should bear his financial burdens of litigation. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (stating that an individual desiring to proceed without prepaying filing fees or costs must establish that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life"). Thus, the Court will deny permission to proceed IFP. *See Lister*, 408 F.3d at 1313 (noting that failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees).

## II.  GERMALIC HAS FAILED TO ESTABLISH STANDING TO ASSERT HIS CLAIMS.

Even if Germalic could not pay the filing fees because of indigency, the Court would deny permission to proceed IFP and dismiss his petition for injunctive relief. "[I]t is well established that the court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). As the party seeking to invoke federal jurisdiction, Germalic bears the burden of establishing his standing to seek injunctive relief. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In examining Germalic's standing at this early stage of the proceedings, the Court must accept as true all material allegations of his petition and must construe any inferences in his favor. *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 892 (10th Cir. 2011). To establish standing under Article III

of the United States Constitution, a plaintiff must demonstrate three factual and legal circumstances: (1) he has suffered an "injury in fact" that is "concrete" and actual or imminent, instead of "hypothetical;" (2) the injury is "fairly traceable" to the challenged conduct; *and* (3) the injury is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). These three requirements ensure that the petitioner has "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination." *Massachusetts v. E.P.A.*, 549 U.S. 497, 517 (2007).

Accordingly,

> [t]o seek injunctive relief, a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–181, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000). This requirement assures that "there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party," *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 221, 94 S. Ct. 2925, 41 L. Ed. 2d 706 (1974). Where that need does not exist, allowing courts to oversee legislative or executive action "would significantly alter the allocation of power . . . away from a democratic form of government," *Richardson, supra*, at 188, 94 S. Ct. 2940 (Powell, J., concurring).

*Summers*, 555 U.S. at 493. Germalic has failed to state any facts demonstrating that he actually attempted to gather sufficient signatures on a nominating petition to run for President as an independent candidate in New Mexico but was unable to do so, or that he actually attempted to submit a timely nominating petition to the Secretary of State but was rejected because he failed to name a vice-presidential running mate. His petition only suggests that, hypothetically, his attempts to be named on the general-election ballot *would have been* unsuccessful had he chosen to undertake them. Germalic has, therefore, failed to identify any actual injury that he suffered as a result of the

signature or running-mate requirements at issue.  Because he has not demonstrated a concrete, particularized, and personal injury, Germalic has failed to establish constitutional standing and his petition must be dismissed for lack of subject-matter jurisdiction.  *See United States v. Ramos*, No. 11–3126, ___ F.3d ___, ___, 2012 WL 3642432, *11 (10th Cir. Aug. 27, 2012) (noting that, "[i]f at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction") (internal quotation marks omitted).

**NOW, THEREFORE, IT IS ORDERED** that Germalic's request to proceed IFP (Doc. 2) is DENIED, and that his Petition for injunctive relief is dismissed without prejudice for lack of subject-matter jurisdiction.

_____
**MARTHA VAZQUEZ**
UNITED STATES DISTRICT JUDGE